IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-00754-MSK-MJW

JENNIFER PRATT,

Plaintiff,

v.

POWELL LAW OFFICE, PC,

Defendant.

**RECOMMENDATION
THAT ACTION BE DISMISSED BASED UPON
THE PLAINTIFF'S FAILURE TO APPEAR, FAILURE TO PROSECUTE, AND
FAILURE TO COMPLY WITH COURT ORDER**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by Judge Marcia S. Krieger on March 30, 2011.  (Docket No. 2).

This action was commenced on March 24, 2011, by the filing of the Complaint and Jury Demand through counsel.  (Docket No. 1).  On April 19, 2011, plaintiff filed a Return of Service.  (Docket No. 5).

On April 6, 2011, this court issued an Order Setting Scheduling/Planning Conference.  (Docket No. 3).  That Order set a Rule 16 Scheduling/Planning Conference for July 14, 2011, at 9:00 a.m.  Plaintiff was directed to notify all parties who have not entered an appearance of the date and time of this conference.  In addition, the parties were directed to hold a pre-scheduling conference meeting and prepare a

proposed Scheduling Order, which was to be submitted to the court no later than five days prior to the Scheduling/Planning Conference.  Also, at least five days prior to the Scheduling/Planning Conference, the parties were to each submit a brief Confidential Settlement Statement to the court.  The Order was sent to plaintiff's counsel at the e-mail addresses on record.  The court did not receive any notice that that e-mail could not be delivered.

Despite the clear directives in the court's Order, neither plaintiff's counsel nor plaintiff appeared as directed for the Scheduling/Planning Conference.  Plaintiff did not move to continue the conference or even telephone the court at the time set for the conference.  There was also no appearance on behalf of the defendant.  Furthermore, the parties did not submit their proposed Scheduling Order and their Confidential Settlement Statements as ordered by this court.  The weather was clear and sunny at the time set for the conference, and the roads were clear.

Rule 16(f) of the Federal Rules of Civil Procedure provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;

3

> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

Based upon the foregoing, it is hereby

**RECOMMENDED** that this action be dismissed based upon the plaintiff's failure to prosecute, failure to appear, and failure to comply with the court's order.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  July 14, 2011                                s/ Michael J. Watanabe
       Denver, Colorado                            Michael J. Watanabe
                                                      United States Magistrate Judge